Marcie E. Schaap, #4660
Joseph D. Amadon #16386
Marcie E. Schaap, Attorney at Law, P.C.
4760 S. Highland Drive   #333
Salt Lake City, Utah 84117
Telephone:     (801) 201-1642
Facsimile:      (801) 666-7749
E-mail:
marcie@marcieeschaap.com
joe@marcieeschaap.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| V.R., a minor child, by and through the trustee of her trust, B.V., | **COMPLAINT** |
| Plaintiff, | |
| | Case No. 2:21-CV- |
| v. | |
| UNITED BEHAVIORAL HEALTH, INC., INSPERITY GROUP HEALTH PLAN, and UNITEDHEALTHCARE INSURANCE COMPANY, | |
| Defendants. | |

Plaintiff, through its undersigned counsel, complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, V.R.., is a minor child.

2. B.V. is trustee of a trust established in favor of V.R.

1

3. Plaintiff received treatment from Uinta Academy Residential Treatment Center ("Uinta RTC" herein) in Utah.

4. V.R. received residential treatment at Uinta RTC from October 22, 2020 through May 4, 2021.

5. UNITED BEHAVIORAL HEALTH, INC. ("UBH" herein) is a foreign corporation registered to do business in Utah.

6. INSPERITY HOLDINGS, INC. ("Insperity" herein) established the INSPERITY GROUP HEALTH PLAN (the "Plan" herein).

7. Insperity is the named Plan Administrator for the Plan.

8. Insperity is a foreign corporation registered to do business in Utah.

9. V.R. was a beneficiary and participant of the Plan.

10. UNITEDHEALTHCARE INSURANCE COMPANY ("UHC" herein) was, at all times relevant herein, the insurer of the Plan.

11. UHC is a foreign corporation.

12. UBH is an affiliate of UHC.

13. UHC delegated its authority to UBH to administer mental health and substance use disorder services claims.

14. UBH, UHC, Insperity, and the Plan may be referred to collectively herein as "Defendants."

15. This is an action brought by the Plaintiff to collect amounts owed for unpaid medical bills, which the Defendants refuse to pay in full.

16. This is an action brought under ERISA. This Court has jurisdiction over this case under 29 U.S.C. §1132(e)(1). Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C.

   §1391(c) because the communications during the administrative appeal process took place between the Plaintiff and the Defendant (or its agents) in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah.  Moreover, based on ERISA's nationwide service of process provision and 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

17. The remedies Plaintiff seeks under the terms of ERISA are for the benefits due under 29 U.S.C. §1132(a)(1)(B), for other appropriate equitable relief under 29 U.S.C. §1132(a)(3), and for interest and attorneys' fees under 29 U.S.C. §1132(g

## FACTUAL BACKGROUND

### A.  Claims and Claim Processing

18. The Plaintiff's claims were submitted in a timely manner.

19. The Defendants and/or their agents have denied V.R.'s claims for treatment based on the assertion that "coverage is not available under the benefit plan for the requested services of Mental Health Residential Treatment" because "the requested service for Residential Mental Health is excluded from coverage."

20. V.R. received mental health treatment in the form of residential treatment at Uinta RTC

21. The Plan states:

> Mental Health Care and Substance-Related and Addictive Disorders Services include those received on an inpatient or outpatient basis in a Hospital, an Alternate Facility or in a provider's office. All services must be provided by or under the direction of a properly qualified behavioral health provider. Benefits include the following levels of care: … Residential Treatment.

22. On January 7, 2021, Plaintiff appealed her denial of benefits.

23. Plaintiff's January 7, 2021 appeal letter requested:

   A. The identity of any medical or vocational experts consulted in the denial as required by ERISA;

   B. The specific reason for the denial;

   C. Reference to the specific plan provisions on which the denial is based; and

   D. A description of additional material of information necessary for her to perfect the claim and an explanation of why the information is necessary.

24. In a letter from UBH dated February 12, 2021, Defendants upheld their denial of the claim, explaining their denial "that benefit coverage is not available for the following reason(s):…the requested service for Residential Mental Health is excluded from coverage."

25. Defendants' denial letter: did not identify any experts consulted in denying the appeal; provide a specific reason for denial beyond the same language from the claim denial that the service "is excluded from coverage"; did not specify a provision in the Plan Document that supported their denial of coverage or provide factual support for why V.R.'s treatment "is excluded from coverage;" nor describe how Plaintiff could perfect the claim.

26. On March 16, 2021, Plaintiff sent a second appeal letter to UBH, again requesting additional information and explanation of the denial of coverage and denial of her first appeal.

27. Defendants did not respond to Plaintiff's March 16, 2021, appeal letter.

28. Plaintiff's litigation counsel sent another appeal to UBH on June 21, 2021.

29. Defendants have not responded to Plaintiff's June 21, 2021 appeal letter.

30. The Plaintiff and her representatives contacted the Defendant and/or its agents on numerous occasions to attempt to resolve any issues that the Defendants and/or their agents had with the claims.

31. Plaintiff's attempts to resolve the nonpayment of benefits have been futile.

32. The Plaintiff has kept a record of communications she has had with the Defendants and/or their agents during the claims and appeal processes.

33. A copy of all such communication records were sent to the Defendants and/or their agents prior to this litigation being filed.

34. The Defendants and/or their agents have not paid the outstanding balance due to the Plaintiff for the treatment received.

### B. Amount Owed

35. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

36. The Billed Charges for V.R.'s treatment were $126,750.00.

37. The Defendants and/or their agents have paid $0.00 for the entirety of the claims.

38. A balance of $126,750.00, plus interest, remains due to the Plaintiff by the Defendants for the treatment received.

### FIRST CAUSE OF ACTION
(Recovery of Plan Benefits Under 29 U.S.C. § 1132(a)(1)(B))

39. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

40. The Plaintiff has submitted all proof necessary to the Defendants to support her claim for payment.

41. The Defendants have failed to provide evidence to the Plaintiff to support their basis for denial.

42. The Defendants have not fully reviewed or investigated all information sent to it by the Plaintiff, or available to it, which has caused the Defendants to deny this claim.

43. The Defendants have failed to bear their burden of proof that an exclusion or requirement in the Plan Document supports their denial of the claims for V.R.'s treatment.

44. The Defendants have failed to meet the requirements of the Mental Health Parity and Addiction Act that:

> treatment limitations applicable to such mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan (or coverage) and there are no separate treatment limitations that are applicable only with respect to mental health or substance use disorder benefits.

29 U.S.C. §1185a (a)(3)(A)(ii).

45. The Defendants failed to offer the Plaintiff a "full and fair review" as required by ERISA.

46. The Defendants failed to offer the Plaintiff "higher than marketplace quality standards," as required by ERISA. <u>MetLife v. Glenn</u>, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008).

47. The actions of the Defendants, as outlined above, are a violation of ERISA, a breach of fiduciary duty, and a breach of the terms and provisions of the Plan.

48. The actions of the Defendants have caused damage to the Plaintiff in the form of a denial of ERISA medical benefits.

49. The Defendants have not offered any proof that Plaintiff's billed charges were not covered under the Plan.

50. The actions of the Defendants have caused damage to the Plaintiff by denying full payment of medical benefits that should have been covered under the terms of the Plan.

51. The Defendants are responsible to pay the balance of the claim for V.R.'s medical expenses, and to pay Plaintiff's attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), plus pre- and post-judgment interest to the date of payment of the unpaid benefits.

## SECOND CAUSE OF ACTION
(Breach of Fiduciary Duties Under 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3))

52. Plaintiff realleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

53. The Defendants have breached their fiduciary duties under ERISA in the following ways:

    A. The Defendants failed to discharge their duties with respect to the Plan:

        1. Solely in the interest of the participants and beneficiaries of the Plan and

        2. For the exclusive purpose of:

            a. Providing benefits to participants and their beneficiaries; and

            b. Defraying reasonable expenses of administering the Plan.

        3. With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims;

        4. By failing to fully investigate the Plaintiff's claims.

        5. By failing to fully respond to the Plaintiff's appeals and requests for information in a timely manner.

        6. And in other ways to be determined as additional facts are discovered.

54. The Defendants, in breaching its fiduciary duties under ERISA, have caused damage to the Plaintiff in the form of denied medical benefits.

55. In addition, as a consequence of the Defendants' breach of fiduciary duties, the Plaintiff has been required to obtain legal counsel and file this action.

56. Pursuant to ERISA and to the U.S. Supreme Court's ruling in CIGNA Corp. v. Amara, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011), the Plaintiff's "make-whole relief" constitutes "appropriate equitable relief" under Section 1132(a)(3).

57. Therefore, the Plaintiff is entitled to payment of the medical expenses, as well as an award of interest, attorney's fees and costs incurred in bringing this action pursuant to the provisions of 29 U.S.C. §1132(g).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment on Plaintiff's First Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. §1132(a)(1)(B), for unpaid medical benefits in the amount of $126,750, for attorneys' fees and costs incurred pursuant to 29 U.S.C. §1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

2. For judgment on Plaintiff's Second Cause of Action in favor of the Plaintiff and against the Defendants pursuant to 29 U.S.C. 29 U.S.C. §§1104, 1109, and 1132(a)(2) and (3)), for breach of fiduciary duty and equitable damages in the form of unpaid medical benefits in the amount of $126,750.00, for attorneys' fees and costs incurred pursuant to 29 U.S.C.

§1132(g), and for an award of pre- and post-judgment interest to the date of the payment of the interest claimed.

For such other equitable relief under 29 U.S.C. §1132(a)(3) as the Court deems appropriate.

DATED this 12th day of July, 2021.

                      MARCIE E. SCHAAP, ATTORNEY AT LAW

                      By:   /s/ Marcie E. Schaap
                              Attorney for Plaintiff